IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA LEE BRAUN : CIVIL ACTION
:
v. :
:
JAY AHMED : NO. 13-3196

MEMORANDUM

GARDNER, J.  OCTOBER 15, 2013

Brenda Lee Braun filed this pro se civil action against Jay Ahmed. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint.

I. FACTS

Plaintiff alleges that she worked for Mr. Ahmed for seven days with no pay during the period from April to May of 2011. She further alleges that she fell and injured her knee and ankle when she was cleaning for the defendant in May of 2010. Plaintiff seeks $26,205.00 in damages, plus pain and suffering, and payments for unpaid wages, among other things.[1]

II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it

---

[1] Plaintiff, who is currently a resident of Pennsylvania, initially filed her claims in the District of Delaware in March of 2013, when she lived in Delaware. See Braun v. Ahmed, et al., Civ. A. No. 13-447 (D. Del.). That action was dismissed for lack of subject matter jurisdiction. Plaintiff was given leave to file an amended complaint, but failed to do so. Instead, she filed a new complaint in this court.

is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

III. DISCUSSION

In her complaint, and on the designation form accompanying her complaint, plaintiff indicates that she is raising federal questions, including claims under the Jones Act. However, the Court cannot discern from the complaint any basis for a claim under the Jones Act, which applies in admiralty cases, or for any other federal claim.

To the extent that plaintiff raises state tort claims against Mr. Ahmed, there is no basis for jurisdiction over those claims. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). However, diversity is lacking because the complaint indicates that the parties are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no

plaintiff be a citizen of the same state as any defendant.").

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law and that there is no basis for diversity jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The dismissal of plaintiff's state claims is without prejudice to her ability to pursue those claims in state court. An appropriate order follows.